

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| SHANE MCCLANAHAN,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN LYNN GUYER,<br><br>Respondent. | Cause No. CV 19-13-BU-BMM-KLD<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

This case comes before the Court on state pro se Petitioner Shane McClanahan's application for writ of habeas corpus under 28 U.S.C. § 2254. McClanahan is currently in custody at the Montana State Prison (MSP) for convictions of Sexual Intercourse without Consent and Attempted Deliberate Homicide.

In McClanahan's original petition he did not challenge the legality of his custody, but rather sought to advance claims relative to the conditions of his confinement and a purported denial of medical care. Specifically, McClanahan alleged prison officials recklessly disregarded his health and safety and were deliberately indifferent to his cancer diagnosis. (Doc. 1 at 4.) McClanahan also claimed he been retaliated against and denied property and privileges without due

1

process. *Id.* at 5.

McClanahan was advised, pursuant to 28 U.S.C. § 2254(a), that this Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." (Doc. 2 at 2.) Further, it was explained that a claim challenging prison policies and procedures is only "cognizable in habeas if it will 'necessarily spell speedier release' from custody, meaning that the relief sought will either terminate custody, accelerate the future date of release from custody, or reduce the level of custody." *Id.*, citing *Skinner v. Switzer*, 131 S. Ct. 1289, 1299 n. 13 (2001). In contrast, prisoners seeking other challenges to their conditions of confinement may have recourse under 42 U.S.C. § 1983, but not habeas.

Accordingly, McClanahan was advised that to the extent he was seeking to challenge the purported denial of medical care and present conditions of his confinement, the claims would be more appropriately filed as a civil rights action under 42 U.S.C. § 1983, rather than as a habeas corpus petition. *Id.* at 2-3. McClanahan was allowed to file an Amended Petition and was directed to explain the manner in which he believed his current custody violates the federal constitution. *Id.* at 3. McClanahan was also provided with the Court's standard 42 U.S.C. § 1983 complaint form. McClanahan has been rather litigious in this Court;

2

thus, it appears he is aware of the distinctions between § 2254 and § 1983 proceedings.[1]

McClanahan submitted an Amended Habeas Petition, but he did not file a § 1983 complaint.

### I. Amended Petition

In his Amended Petition McClanahan asserts: (1) he is being held illegally with no access to a law library or a person trained in the law, therefore, precluding him from attacking the legality of his custody or securing his release, (Doc. 3 at 3, ¶ 15(A), 6); (2) prison authorities have retaliated against him and acted with deliberate indifference, in violation of the 8th and 14th Amendments, by: housing him in solitary confinement, withholding property and privileges, denying contact with the outside world, and denying medical care, *Id.* at 4, ¶ 15(B), 7; (3) prison authorities have retaliated against him, in reckless disregard of his health and

---

[1] See e.g., *McClanahan v. Missoula Detention Center*, CV-04-49-M-DWM, Or. (D. Mont. Nov. 7, 2006) (dismissing 1983 case pursuant to Rule 41(b)); *McClanahan v. Schweitzer*, CV-06-65-H, Or. (D. Mont. Jan. 6, 2009)(dismissing 1983 complaint with prejudice); *McClanahan v. Kirkegard,* CV-13-02-H-DLC, Or. (D. Mont. Sept. 10, 2013) (dismissing 1983 complaint with prejudice); *McClanahan v. Kirkegard*, CV-15-69-H, Or. (D. Mont. Sept. 17, 2015) (denying motion to proceed in forma pauperis); *McClanahan v. Kirkegard*, CV-11-86-BU-DLC, Or. (D. Mont. Jan. 3, 2012) (dismissing 2254 petition for failure to exhaust); *McClanahan v. State*, CV-11-92-M-DWM, Or. (D. Mont. Aug. 23, 2013) (denying 2254 petition); and, *McClanahan v. Attorney General*, CV-11-117-M-DWM, Or. (D. Mont. Aug. 23, 2013) (denying 2254 petition).

3

safety, by not adequately treating his cancer and denying warm clothing while simultaneously subjecting McClanahan to a cold prison cell, *Id.* at 5, ¶ 15( C), 8; (4) he was denied due process and all constitutional rights when he was drugged on December 20, 2018, and had a microchip implanted in his left hand which resulted in a reaction. *Id.* at 9, ¶ 15(D), 10. McClanahan seems to believe the microchip was planted in his hand as result of lies and allegations from the investigating officer in his 2001 criminal case that McClanahan made terroristic threats. According to McClanahan, prison officials at MSP continue to believe these unfounded allegations. *Id.* at 9-10.

McClanahan asks this Court to either appoint him appellate counsel to "follow up on all his claims and appeals" or, alternatively, to order his release from custody. *Id.* at 11.

**II. Analysis**

The Court is required to screen all actions brought by prisoners who seek any form of relief, including habeas relief, from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally "frivolous or malicious" or fail to state a basis on which habeas relief may be granted. 28 U.S.C. § 1915A(b)(1), (2). This means the Court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits

that the petitioner is not entitled to relief[.]" Rule 4 Governing Section 2254 Cases. For the reasons set forth below, McClanahan's petition should be dismissed.

### i. Claims 2, 3, and 4 Do Not Lie at the Core of Habeas Corpus

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under... 42 U.S.C. § 1983." *Muhammad v. Close*, 540 U.S. 749, 750 (2004)(per curiam). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973), requests for relief turning on circumstances of confinement may be presented in a § 1983 action." *Muhammad*, 540 U.S. at 750; see also, *Nettles v. Grounds*, 830 F. 3d 922, 927 (9th Cir. 2016). A habeas petition is the exclusive vehicle for claims brought by state prisoners that fall within "the core of habeas." *Id*. Conversely, "a § 1983 action is the exclusive vehicle for claims brought by state prisoners that are not within the core of habeas corpus." *Nettles*, 830 F. 3d at 927. Where success on a petitioner's habeas claim would not necessarily lead to his immediate or earlier release from custody, the claim does not fall within "the core of habeas corpus." *Id*. at 934-35. Federal courts lack habeas jurisdiction over claims by state prisoners that are not within "the core of habeas corpus." *Id*. at 927.

McClanahan's Claims 2, 3, and 4 do not lie at the core of habeas corpus. They all seek to challenge the conditions of his confinement and treatment received while incarcerated including: housing conditions, property issues, denial of privileges, denial of medical care, and purportedly involuntary medical procedures. But, even if McClanahan were to prevail on any of these claims, it "would not necessarily lead to his immediate or earlier release from confinement." See, *Nettles* at 935. Thus, because these claims do not lie at the core of habeas, "and may be brought, if at all, under § 1983," *Skinner*, 562 U.S. at 535 n. 13, they should be dismissed.

Furthermore, the Court makes no determination as to whether or not these claims are viable in a § 1983 civil rights complaint; this ruling only concludes that the claims are not actionable in a habeas corpus petition. McClanahan's claims fall outside the core of habeas and, as a result, this Court lacks jurisdiction. Claims 2-4 should be dismissed.

### ii. Claim 1 is Second and/or Successive

To the extent that McClanahan is alleging MSP is not providing him adequate access to legal resources, that claim, relative to the conditions of his confinement, also does not lie at the core of habeas and, like claims 2 through 4, should be dismissed. But McClanahan indicates his intent to attack the legality of his conviction and custody. See, (Doc. 3 at 3, ¶ 15(A)).

McClanahan previously filed a petition challenging his attempted deliberate homicide and sexual intercourse without consent convictions. This Court addressed McClanahan's claims, ultimately denying his petition. See, *McClanahan v. Attorney General, et. al.*, CV-11-92-M-DWM, Or. (D. Mont. August 23, 2013).

This Court must dismiss any claim which was presented in a prior habeas petition. 28 U.S.C. § 2244(b)(1). A new claim in a second or successive petition must be dismissed even if not presented in a prior habeas petition, unless the claim rests on new law, new evidence, or Petitioner's actual innocence. 28 U.S.C. § 2244(b)(2). Even in the latter circumstance, leave of the Court of Appeals is required to maintain the successive petition. 28 U.S.C. § 2244(b)(3). McClanahan is required to raise his grounds for making a second or successive petition before the Ninth Circuit, in a motion for leave to file a second or successive petition. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

Until McClanahan obtains leave from the Ninth Circuit Court of Appeals to file a successive habeas petition, this Court has no jurisdiction to hear his claims. *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam). This claim should also

be dismissed.

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

A certificate of appealability should be denied because Claims 2, 3, and 4 do not lie at the core of habeas and Claim 1 is unauthorized and second/successive in nature. Thus, there is no doubt this Court lacks jurisdiction and there is no basis to encourage further proceedings at this time.

Based upon the foregoing, the Court enters the following:

### RECOMMENDATION

1. Mr. McClanahan's petition should be DISMISSED for lack of jurisdiction.

2. The Clerk of Court should be directed to enter a judgment of dismissal.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. McClanahan may object to this Findings and Recommendation within 14 days.[2] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Mr. McClanahan must immediately notify the Court of any change in his mailing address. Failure to do so may result in dismissal of his case without notice to him.

DATED this 22nd day of August, 2019.

Kathleen L. DeSoto
United States Magistrate Judge

---

[2] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since McClanahan is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

9